IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID and JENNIFER PARDINI,
on behalf of themselves and on behalf
of their minor child, GEORGIA
PARDINI,

       Plaintiffs,

vs.

ALLEGHENY INTERMEDIATE
UNIT and BARBARA MINZENBERG,
Program Director,

       Defendants.

Civil No. 03-725
**Electronically Filed**

## Memorandum Opinion

**January 17, 2006**

      By its Mandate and Order of October 13, 2005, the United States Court of Appeals for the Third Circuit remanded this case to this District Court with the following instructions:

> For the reasons set forth above, we hold that the stay-put provision of the IDEA, 20 U.S.C. § 1415(j), required Georgia to continue to receive conductive education until the dispute over its appropriateness for inclusion in her IEP was resolved. Accordingly, the Pardinis are entitled to the cost of the conductive education that they purchased before the dispute was resolved by their agreement to an IEP that did not contain it. We will therefore reverse the decision of the District Court and remand for the court to determine the amount of reimbursement the Pardinis are entitled to as well as the amount of any attorneys fees.

*Pardini v. Allegheny Intermediate Unit*, 420 F.3d 181, 192 (3d Cir. 2005).

Pursuant to the unambiguous instructions of the Court of Appeals, this Court promptly thereafter entered a Pretrial Order (non-jury) (doc. no. 42), dated November 28, 2005, scheduling a non-jury trial for December 19, 2005, with appropriate and expedited pretrial filing dates. That same day, this Court entered an Order of Court (doc. no. 43), scheduling a settlement conference on December 2, 2005, to discuss "settlement and alternative dispute resolution options in detail." Additionally, said Order provided as follows:

> Chief trial counsel and parties shall attend in person and be prepared to discuss settlement and alternative dispute resolution options in detail. Additionally, any other necessary representative of the insurance carrier with full settlement authority of entire policy limits shall be physically present.
>
> On or before **December 1, 2005** the parties should submit brief confidential letters to the Court detailing the relative strengths and weaknesses of their case, as well as settlement postures including monetary amounts. The letters will not be filed nor shared with opposing counsel. Accordingly, candor is expected.

After reviewing the confidential position statements, the Court recognized that the case was not going to be settled on December 2, 2005, because, among other things, defendant Allegheny Intermediate Unit (AIU) stated its intention to file a petition for a writ of certiorari to the Supreme Court of the United States to resolve what it perceives as a split in the circuits. *See* defendant's response to

plaintiffs' Motion for Recusal (Document No. 52) at ¶ 3.[1]

At the December 2, 2005 settlement conference, David Pardini, plaintiff as well as attorney for plaintiffs, arrived late, and the Court waited until he arrived to commence the conference.  At the outset of the scheduled conference, the Court stated that, based upon the parties' confidential position papers, it was "the Defendant's position that the likelihood of achieving settlement today is unlikely." Transcript ("Tr."), December 2, 2005, at 2.   When counsel for AIU confirmed the unlikelihood of settlement, the Court indicated that it would use the scheduled time more wisely by discussing its pretrial order with counsel, to ensure everyone was on the "same page."

Mr. Pardini had not brought any documentation to the settlement conference to support plaintiffs' claim for reimbursement for the cost of the "conductive education," $25,000, and he brought no documentation to support his $100,000 attorneys fee demand.  At the conference, Mr. Pardini admitted that he kept no simultaneous time records for the legal work that he performed, but indicated he might be able to reconstruct that time from the pleadings and documents he had prepared.  The Court spent a substantial amount of time walking him through the

---

[1] On December 21, 2005, the AIU filed its petition for writ of certiorari to the Supreme Court of the United States. (Document No. 53).  *Allegheny Intermediate Unit v. Pardini*, 2005 WL 3533024.

issues and the documentation that is required by precedent within the Third Circuit relating to proving his damages, and justifying attorneys fees petitions; Mr. Pardini seemed to be unaware of the extensive body of Third Circuit case law on this matter or on a plaintiff's evidentiary burdens to support his or her monetary claims with actual evidence in the form of documents or affidavits. Tr. at 4-8, 10-16.

Although he was disorganized and apparently had not begun to gather any of the necessary documentation, it appeared to the Court (as confirmed in plaintiffs' Motion for Recusal, ¶ 3-5) that Mr. Pardini expected to engage in serious settlement discussions with AIU, and that AIU would open its checkbook, so to speak, and satisfy his demands even in the absence of documentation.

As the Court indicated at the conference, it had set an expedited trial schedule in order that plaintiffs would be able to receive whatever reimbursement and attorneys fees to which they might be entitled under the mandate of the United States Court of Appeals for the Third Circuit and its precedent concerning attorneys fees. However, Mr. Pardini strenuously objected to the expedited schedule, and verbally moved for a continuation of the trial. The Court immediately granted plaintiffs' motion. Tr., at 9 ("You can have as much time as you want. All I was trying to do was to get you reimbursed as quickly as I could

. . . . So if you want two months, three months, a year, you can have as long as you want.") and 19 ("I was only accelerating this to help the plaintiff[s] move the case along, so I am happy to delay it as long as [plaintiffs] want it delayed. So I will grant the motion to continue. I am going to enter an amended pretrial.").

Plaintiff requested a 60 to 90 day extension which the Court granted, stating "I will push it out into the future sometime in '06 wherever I have an opening." Tr., at 10. *See* minute entry and subsequent written Order of December 2, 2005, confirming that continuance had been granted at plaintiffs' request, and that another Pretrial Order would be entered. (doc no. 44). At the conference, the Court consulted counsel about their vacation schedules and any other possible conflicts, and later the same day, entered a revised Pretrial Order (doc. no. 45) setting forth a new trial date of June 14, 2006, which date accommodated both counsel and the Court without conflict.

One of the reasons Mr. Pardini gave for seeking additional time was that he wanted to get affidavits as to what experienced practitioners would charge per hour in this speciality area, even though he admitted that he had to do much research and work in this case because he was unfamiliar with this particular area of the law.

Inexplicably, on December 5, 2005, three (3) days after his verbal motion to

5

continue had been granted and a new trial date had been set for June, 2006, plaintiffs filed a Motion to Continue the December 2005 trial (doc. no. 46). By Order dated December 6, 2005 (doc. no. 48), this Court denied that motion as moot, since the Court already had granted plaintiffs' verbal motion in open court and in a written Order.

Also on December 5, 2006, plaintiffs filed a Motion for Rescheduling Settlement Conference and Sanctions (against Defendant) (doc. no. 47). The Court denied said Motion because it contained no averments or assurances that Mr. Pardini would supply supporting documentation to defendant's counsel, or would come prepared to a second settlement conference, since as stated in the Order (doc. no. 49), dated December 6, 2005, "[p]laintiffs failed to bring proper and complete documentation to the [December 2, 2005] settlement conference so no meaningful [settlement] discussion could occur . . . ."

Despite the Court's effort to assist (but not give legal advice) to Mr. Pardini about how to support his claims for reimbursement and attorneys fees, he became increasingly agitated and visibly frustrated at the December 2, 2005 hearing, and now has filed a Motion for Recusal (doc. no. 50) dated December 14, 2005. Defendants have filed a response (doc. no. 52).

After careful and studied consideration of the recusal motion and AIU's

response, the Court finds that the facts and characterizations set forth in said motion are not supported by the record of the December 2, 2005 hearing, and that the facts and circumstances set forth in AIU's response are supported by the record of the December 2, 2005 hearing.

Initially, the Court was tempted to grant plaintiffs' request and let another member of this Court handle this case, given their erroneous, but presumptively sincere, perception that this Court may be biased against their cause. However, upon further reflection and deliberation, and consideration of case law regarding recusal, the Court finds that self-disqualification would not be fair to my colleagues (who know nothing about this 2003 case) or to the parties (who have expended substantial time with this Court developing the facts and briefing the law), and that disqualification without good reason would send the wrong signal to litigants.

Disqualification "'must have a reasonable basis'" and while litigants "ought not [to] have to face a judge where there is a reasonable question of impartiality,'" they are also "not entitled to judges of their own choice." *Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 162 (3d Cir. 1993). A mere fear of impropriety is not enough, *see United States v. Walker*, 920 F.2d 513, 517 (8th Cir. 1990), and both the District Judge and the reviewing court "'must be alert to avoid the possibility

that those who would question [the judge's] impartiality are in fact seeking to avoid the consequences of [an] expected adverse decision.'" *Alexander*, 10 F.3d at 162*; see also In re TMI Litig.*, 193 F.3d 613, 728 (3d Cir. 1999) (party's displeasure with legal rulings is not adequate basis for recusal); *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1356 (3d Cir. 1990) (same); *Cipollone v. Liggett Group, Inc.*, 822 F.2d 335, 347 (3d Cir. 1987), *quoting Berger v. United States*, 255 U.S. 22, 31 (1921) ("bias or prejudice which can be urged against a judge must be based upon something other than rulings in the case" and the disqualification statute "was never intended . . . to enable a discontented litigant to oust a judge because of adverse rulings").

Even when a case is emotionally charged, as is this case, litigants must not be able to compel a District Judge to disqualify him or her self merely because they are unsatisfied with the Court's previous rulings, and incorrectly perceive some bias because of those rulings. The judicial system would likely be swamped by a tidal wave of recusal motions and reassignments if dissatisfaction with the Court's case management or legal rulings were to become a sufficient basis for disqualification.

This Court finds no indication of bias on the record nor is there in fact any judicial bias or animosity toward or against either party. It is painfully obvious

from the record that there are two overlapping reasons for plaintiffs' dissatisfaction and perception of judicial bias.  First, plaintiffs' emotional involvement in the welfare and education of their daughter, while commendable and understandable, has distorted their subjective perceptions. While the Court is sympathetic to their obvious distress, plaintiffs have chosen to be represented by Mr. Pardini, who, although he is a competent attorney, appears to have limited federal court litigation experience and little previous knowledge of this area of the law.  More problematic, Mr. Pardini's intensely emotional, personal involvement and inexperience has clouded his judgment and blurred his perceptions.[2]  Plaintiffs have chosen not to be represented by non-interested counsel, as is their undeniable right, but unfortunately, the consequences of this choice is that they are deprived of the professional opinion and advice of a *detached and objective advocate.*

Second, as the record shows no other reasons for their claim of judicial bias, the Court deems the primary reason behind the motion for disqualification is this Court's ruling against plaintiffs on defendants' motion for summary judgment. Motion for Recusal, ¶¶ 1, 8.  The Supreme Court of the United States has made it

---

[2] For example, the Court notes that it unambiguously granted Mr. Pardini's verbal motion for a continuance in open court, followed by a minute entry and separate written order on December 2, 2005 confirming that the December trial was continued, as well as a separate Pretrial Order setting a new trial date in June 2006.  Yet three days later, Mr. Pardini labored under the misapprehension that the December trial was still on, and so he filed a motion to continue the already continued December trial.

clear that "judicial rulings alone almost never constitute valid basis for a bias or impartiality motion." *Liteky v. United States*, 510 U.S. 540 (1994). *See also United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1966); *Johnson v. Trueblood*, 629 F.2d 287, 290-291 (3d Cir. 1980), *cert. denied*, 450 U.S. 999 (1981). As my colleague in the Eastern District of Pennsylvania summarized:

> [D]efendant has filed her motion [for recusal] under two statutory provisions of the United States Code. Section 144 provides that a party may seek disqualification of a judge for bias or prejudice by filing a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144 (1982). The Third Circuit, in *United States v. Rosenberg*, summarized the requirements a defendant must meet under § 144:
>
>> Recusal motions pursuant to this statute must be timely filed, contain a good faith certificate of counsel, and include an affidavit stating material facts with particularity which, if true, would lead a reasonable person to the conclusion that the district judge harbored a special bias or prejudice towards defendants.
>
> 806 F.2d 1169, 1173 (3d Cir. 1986). For purposes of this statute, it must be shown that the bias is personal (that is, bias directed against the defendant as an individual) as opposed to judicial (that is bias in favor or against a particular legal principle). *See United States v. Thompson*, 483 F.2d 527, 529 (3d Cir. 1973). Finally, it must be shown that the bias stems from an extrajudicial source rather than from facts which the judge has learned from his participation in the case. . . .

10

>     A review of defendant's motion reveals that it was not timely filed as it was submitted to the court less than ten days prior to trial in violation of 28 U.S.C. § 144. Moreover, defendant's motion failed to include the required affidavit setting forth the material facts with particularity which would lead a reasonable person to the conclusion that the district judge harbored a prejudice against the defendant. Nevertheless, recognizing that the defendant filed the motion pro se and wishing to insure the protection of her rights in this matter, the court will consider the merits of defendant's motion
>
>     Defendant also argues that section 455 requires disqualification. Section 455 provides:
>> (a) Any justice, judge ⋯ shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>> (b) He shall also disqualify himself in the following circumstances:
>> (1) Where he has a personal bias or prejudice concerning a party; . . .
>
> 28 U.S.C. § 455. It is well settled that sections 144 and 455 "must be construed in pari materia " and "that disqualification under section 455(a) must be predicated as previously under section 144, upon extra-judicial conduct rather than on judicial conduct." . . .  The only difference "between sections 144 and 455 is that 455 is self-executing, requiring the judge to disqualify himself for personal bias even in the absence of a party complaint." . . . Thus, recusal is mandated where a reasonable person knowing all the circumstances would harbor doubts concerning the judge's impartiality. *United States v. Dalfonso*, 707 F.2d 757, 760 (3d Cir. 1983).

*United States v. Romano*, 1988 WL 117844, * 1-*2 (E.D.Pa. 1988) (certain

citations omitted).

Plaintiffs have not attached the requisite certificate or affidavits setting forth the material facts with particularity which would lead a reasonable person to the conclusion that this District Judge harbored any prejudice or animosity toward them. Nevertheless, because their motion is *pro se* and is based on this Court's previous substantive and procedural rulings, and because plaintiffs' perceptions of those rulings are demonstrably erroneous (*e.g.*, *see* note 2, *supra*), they have not alleged legitimate grounds for recusal, nor would a reasonable person, knowing all of the circumstances, harbor any doubts concerning this Court's impartiality.

The Court therefore will deny the Pardinis' Motion for Recusal (doc. no. 50). However, out of an abundance of caution and hopefully to assuage some of their concerns, the Court will refer the trial/ hearing on the narrow issues remanded to this Court, namely, the costs of the "conductive education that [plaintiffs] purchased before the dispute was resolved by their agreement to an IEP that did not contain it" and attorneys fees, to a United States Magistrate Judge pursuant to 28 U.S.C. §636 (b)(1)(B) for the appropriate factual and credibility determinations, thereafter to make an appropriate report and recommendation to this Court.

The Court will vacate its Pretrial Order of 2005. The Court will also refer

the issues of the costs of the "conductive education that [plaintiffs] purchased before the dispute was resolved by their agreement to an IEP that did not contain it" and attorneys fees to a Magistrate Judge by separate order.  The Magistrate Judge to whom this referral is made can schedule the necessary hearings and pretrial filing dates to accommodate his or her schedule.

    Appropriate orders will be entered.

                                              s/ Arthur J. Schwab
                                              Arthur J. Schwab
                                              United States District Judge

cc: all counsel of record and pro se plaintiffs