IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
DAVID AND JENNIFER        )
PARDINI,                  )
                          ) No. 2:03-cv-0725
         Plaintiffs,      )
                          ) Judge Thomas J. Hardiman
     vs.                  ) Magistrate Judge Amy Reynolds Hay
                          )
                          )
                          )
ALLEGHENY INTERMEDIATE    )
UNIT,                     )
         Defendant.       )
```

**MEMORANDUM OPINION**

Now pending before the Court is Plaintiffs' Notice of Appeal From and Objections to Memorandum Order of August 18, 2006 (Memorandum) entered by United States Magistrate Judge Amy Reynolds Hay. In her Memorandum, Magistrate Judge Hay denied Plaintiffs' motion to exclude from evidence an Individualized Family Services Plan (IFSP) and held that Plaintiffs are not entitled to attorney's fees because David Pardini, Esq. brought this case on behalf of himself, his wife Jennifer, and their daughter Georgia. Magistrate Judge Hay's Memorandum is thorough, concise, and the Court agrees with its analysis and conclusions. This brief Memorandum Opinion is intended, out of deference to the Court of Appeals, to frame the issue in general terms to assist the appellate review that inevitably will follow.

First, it must be noted that the Court of Appeals, in reversing this Court,[1] held that "the stay-put provision of the IDEA, 20 U.S.C. §1415(j), required Georgia to continue to receive conductive education until the dispute over its appropriateness for inclusion in her IEP was resolved." *Pardini v. Allegheny Intermediate Unit*, 420 F.3d 181, 192 (3d Cir. 2005). Although the Court of Appeals was not presented with the question of Plaintiffs' entitlement to attorneys' fees, it stated in a footnote: "We do not think that Mr. Pardini is precluded from recovering reasonable attorneys' fees otherwise provided for under the IDEA merely because he is seeking reimbursement for his own expenses while representing his daughter. In *Zucker v. Westinghouse*, 374 F.3d 221, 227 (3d Cir. 2004) we recognized that, absent an expression of congressional intent to the contrary, a plaintiff's entitlement to attorneys' fees is not eliminated merely because he/she was *pro se* counsel." *Pardini*, 420 F.3d at 184 n.4.

As Magistrate Judge Hay noted, however, the Court of Appeals in *Woodside v. School Dist. of Philadelphia*, 248 F.3d 129 (3d Cir. 2001), held "that an attorney-parent cannot receive attorney fees for work representing his minor child in proceedings under

---

[1] This case was originally assigned to, and decided by, the Honorable Arthur J. Schwab. Upon remand from the Court of Appeals, Judge Schwab recused himself on October 11, 2006 and the case was reassigned on October 16, 2006 to the undersigned.

the IDEA." *Id.* at 131. In his objections now pending, attorney Pardini correctly notes that in *Woodside* the attorney/father sought fees for representing his minor child in administrative proceedings whereas here Pardini seeks fees earned as the prevailing party in federal court. At the same time, however, the attorney in *Woodside* also sought fees for the federal court action and the holding quoted above is not limited to recovery of fees for legal work at administrative proceedings.

In light of the foregoing, it is understandable that Pardini would assert his entitlement to attorney's fees and that the Allegheny Intermediate Unit would deny any obligation to pay those fees. The Court of Appeals undoubtedly will have the opportunity to answer this question definitively in this case. Based on the equivocal controlling law, however, this Court finds that the Third Circuit's opinion in *Woodside* -- wherein the issue of attorneys' fees was squarely joined -- controls the decision here. Conversely, the dicta in *Pardini* -- which do not reference the Third Circuit's prior decision in *Woodside* -- is not controlling. In reaching this conclusion, the Court is not unmindful of its obligation to adhere faithfully to decisions of the Court of Appeals. Nevertheless, the question presented appears to present a Hobson's choice in this regard, which is the principal reason for this supplemental explication of the Court's agreement with Magistrate Judge Hay's well-reasoned opinion.

For the foregoing reasons, the Court hereby ADOPTS the Report and Recommendation of Magistrate Judge Hay as supplemented herein as the Opinion of the Court and AFFIRMS the Memorandum Order of August 18, 2006.

BY THE COURT:

*Thos M. Hardiman*

Thomas M. Hardiman
United States District Judge

Dated:   January 12, 2007